UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DEWAYNE NASH**             **CIVIL ACTION:**

**VERSUS**

                            **JUDGE:**

**JAMES CARL BADGETT, TEXAS**
**INTRASTATE CARRIERS, INC. AND**
**SOUTHERN COUNTY MUTUAL INS. CO.**     **MAGISTRATE JUDGE:**

## NOTICE OF REMOVAL

JAMES C. BADGETT, TEXAS INTRASTATE CARRIERS, INC. AND SOUTHERN COUNTY MUTUAL INSURANCE COMPANY files this Notice of Removal of this cause from the 4th Judicial District Court, Parish of Ouachita, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana. This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 4th Judicial District Court, Parish of Ouachita, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana and domiciled in Richland Parish.

4. James Carl Badgett is a citizen of the State of Texas, domiciled at 918 Appleblossom Lane, Mesquite, Texas 75149.

5. Texas Intrastate Carriers, Inc. is a foreign corporation, incorporated in the State of Texas, with its principal place of business located at 1635 Idlewild Lane, Lancaster, Texas 75134.

6. Southern County Mutual Insurance Company is a foreign corporation, incorporated in the State of Texas with its principal place of business located at 4455 LBJ Freeway, Suite #700, Dallas, Texas 75244, and is wholly owned by its parent corporation, AmTrust Insurance Company of Kansas, Inc., who is incorporated in the State of Texas with its principal place of business located at 4455 LBJ Freeway, Suite #700, Dallas, Texas 75244.

7. Upon information and belief, Southern County Mutual Insurance Company was served via Long Arm Statute on February 6, 2020. Upon information and belief, James Carl Badgett was served via Long Arm Statute on February 13, 2020. Upon information and belief, Texas Intrastate Carriers, Inc. was served via Long Arm Statute on February 13, 2020. No Affidavits of Service have been filed. All defendants consent to removal.

8. The above described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiff counsel has pled in Paragraphs 7 and 12 of plaintiff's Petition for Damages, that plaintiff has suffered both physical injuries and mental trauma, such as mental anguish, physical injuries, inconvenience, medical expenses, conscious pain and suffering, permanent physical and mental damage, loss of wages and loss of earning capacity (past, present and future) as stated in the Petition for damages. Plaintiff Nash continues to undergo medical treatment.

9. Additionally, medical records received to date indicate that Plaintiff Nash has suffered a T-9, T-10 and L-1 vertebral fractures and rib fractures for which he was

hospitalized. He also spent time in an extended care hospital and was later moved to a nursing home – claiming such care is related to the accident. Plaintiff has also undergone physical therapy and claims lost wages. Upon information and belief, plaintiff medical bills exceed $100,000. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Middle District of Louisiana as the amount in controversy is in excess of $75,000 based on the petition and representations and there is diversity between the parties.

10. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.***, 376 Fed. App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." [FN5] *Grant, 309 F.3d at 869* (citing *De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995)* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)*)). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. See *De Aguilar, 47 F.3d at 1412* (quoting *In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir.1992)* (per curiam)).

11. Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of**

3

**damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff did not indicate the lack of federal jurisdiction in the petition but has provided the factual basis for the amount in controversy to satisfy the jurisdictional requirement herein.

RESPECTFULLY SUBMITTED:

**MARICLE & ASSOCIATES**

BY: /s/ Janice M. Reeves
**JANICE M. REEVES (#21237)**
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
Direct:  (225) 924-9584
Office:  (985) 724-3411
Facsimile:  (888) 341-8674

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via facsimile and United States Mail, postage prepaid and properly addressed, pursuant to the Louisiana Code of Civil Procedure 1313, this 3rd day of March, 2020.

BY: /s/ Janice M. Reeves
**JANICE M. REEVES**