UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**DEWAYNE NASH**                              CIVIL ACTION: 3:20-cv-00273

**VERSUS**                                    JUDGE:  TERRY A. DOUGHTY

**JAMES CARL BADGETT, TEXAS
INTRASTATE CARRIERS, INC. AND**               MAGISTRATE JUDGE:
**SOUTHERN COUNTY MUTUAL INS. CO.**           KAREN L. HAYES

### RULE 26(f) CASE MANAGEMENT REPORT

A meeting of counsel (and any unrepresented parties) was held on April 27, 2020 by telephone.  The following persons participated:

James E. Ross, Jr. – counsel for plaintiff, Dewayne Nash;

Janice M. Reeves – counsel for defendants, James C. Badgett, Texas Intrastate Carriers, Inc. and Southern County Mutual Insurance Company.

**1.     INITIAL DISCLOSURES**

**Per Plaintiff:**

This is a case which occurred on February 4, 2019, on Interstate Highway 20 in Ouachita Parish. The plaintiff's vehicle had been traveling ahead of the defendants vehicle in the same lane of travel. The plaintiff's  vehicle was traveling at a lower speed then the defendants vehicle, when without warning, defendants' vehicle collided with the rear of plaintiff's vehicle, causing plaintiff serious injuries.

The accident was caused as a result of defendants' driver failure to keep his vehicle under control, failure to keep a proper lookout, driving in a reckless manner under the circumstances, driving at an excessive speed under the circumstances; and driving while inattentive.

Further, as a result of the collision, it caused the plaintiff to lose temporary consciousness.

**Per Defendant:**

This case concerns an accident where plaintiff Dwayne Nash was determined by

Louisiana State Police to be entirely at fault for the collision by operating a car at a crawl or stopping on I-20 , an interstate zoned at 70 mph. Dwayne Nash was impeding the normal flow of traffic at the time of the accident. Upon information and belief, Dwayne Nash was either experiencing tire issues and should have immediately pulled onto the shoulder instead of continuing to travel in an interstate lane at virtually no speed, or diabetic issues from his medical conditions may have made him unaware of what was happening. At the scene, Nash was unable to explain why he was at a crawl/ stopped on the interstate.  Consequently, Mr. Badgett and Texas Intrastate Carriers dispute liability and dispute the nature, causation, extent and duration for the injuries and damages being claimed.

**2.    JURISDICTION**

Jurisdiction exists under 28 USC § 1332 in that there is a complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest or costs.

The parties agree that jurisdiction is proper in this Court and District.

**3.    JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

There are no issues regarding joinder of parties and amendment of pleadings known to counsel at this time.

**4.    RELATED CASES**

There are none known to counsel at this time.

**5.    DISCOVERY**

   a.   Have the initial disclosures required under FRCP 26(a)(1) been completed:

   [X] YES     [ ] NO

   1.   Do any parties object to initial disclosures?

   [X] YES     [ ] NO

For any party who answered *yes*, please explain your reasons for objecting.

Defendants object to plaintiff's initial disclosures as being insufficient and not in compliance with F.R.C.P. 26(a).

- 2 -

  2. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

 None.

b. Briefly describe any discovery that has been completed or is in progress.

**By Plaintiff:**

Plaintiff has served initial discovery on Defendant, James C. Badgett. Responses are outstanding.

**By Defendant:**

Defendants have served initial discovery on Plaintiff, Dewayne Nash. Responses are outstanding

c. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None anticipated.

d. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

**By plaintiff:**

**Mr. Kelvin Wade, M.D., 401 Hall Street, Suite A, Monroe, Louisiana 71201.**

**Additional experts will be listed as discovery developes.**

**By defendant(s):**

Defendants lack sufficient information to respond other than to say an AME or film review expert and/or vocational expert may be necessary after receipt of additional information and disclosures from plaintiff.

## 6. PROPOSED SCHEDULING ORDER

a) Exchanging initial disclosures required by FRCP 26(a)(1):

**May 15, 2020 (per case management order dated 4/17/2020)**

b) Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:

       October 1, 2020

c)     Filing all discovery motions and completing all discovery except experts:

       April 1, 2021

d)     Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

       Disclosure by Plaintiff(s):   March 1, 2021

       By Defendant(s):  April 15, 2021

e)     Exchange of expert reports:

       Exchange by Plaintiff(s):  April 1, 2021

       Exchange by Defendant(s):   June 1, 2021

       Completion of discovery from experts:

       August 1, 2021

f)     Filing dispositive and Daubert motions:

       September 20, 2021

g)     All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.  The parties should not provide any proposed dates for these remaining deadlines.

    1.     Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    2.     Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    3.     Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    4.     Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    5.     Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    6.     Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      7.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

**7.**    **TRIAL**

    **a)**    Has a demand for trial by jury been made?

      [ x ] YES    [ ] NO

    **b)**    Estimate the number of days that trial will require**.**

      Plaintiff:    5 days

      Defendants:    4 days

**8.**    **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

      [ ] YES    [ x ] NO

    a.    If the answer is *yes*, please explain:

    b.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO' IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

      [ x ] YES    [ ] NO

**9.**    **SETTLEMENT**

    a.    Please set forth what efforts, if any, the parties have made to settle this case to date.

      **None at this point.**

    b.    Do the parties wish to have a settlement conference?

      [ x ] YES    [ ] NO

If your answers is *yes*, at what stage of litigation would a settlement conference be most beneficial?

    **At conclusion of expert discovery**.

**10.**    **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United State Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES     [x] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: <u>May 26, 2020</u>

**/s/ James E. Ross, Jr.**
JAMES E. ROSS, JR. (#27342)
**Ross Law Firm**
602 N. 5th Street
P.O. Box 1295
Monroe, Louisiana 71210
Telephone:  318-322-8776
Facsimile:   318-322-1860
dingross@bellsouth.net
*Attorney for Dewayne Nash*

**/s/ Janice M. Reeves**
JANICE M. REEVES (#21237)
**Maricle & Associates**
#1 Sanctuary Blvd.
Suite 202
Mandeville, Louisiana 70471
Telephone:  225-924-9584
Facsimile:  888-341-6954
jreeves2@travelers.com
*Attorney for James C. Badgett, Texas Intrastate Carriers, Inc. and Southern County Mutual Insurance Company*

- 6 -